## ACTION AGAINST JOINT CONTRACTORS.

Circuit Court of Cuyahoga County.

PERRY L. HOBBS v. JOHN THOMPSON.

Decided, June 7, 1909.

*Joint Contractors—Judgments.*

1. Where two are sued upon an alleged joint contract, judgment may be rendered against one or more of the several defendants.
2. Where two are sued jointly and one is in default ror answer, as between the two defendants it is error to render judgment against the answering defendant alone.

*Henderson, Quail & Siddall,* for plaintiff in error
*M. B. & H. H. Johnson,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

The parties here stand in the relation opposite to that in which they stood in the court of common pleas. There Thompson sued Hobbs and Tucker jointly for pipe, etc., alleged to have been put in for them at the Union Salt Works. The completed work was a device to purify brine and obtain a precipitate of chalk. Plaintiff in error Hobbs is a distinguished chemist, who had seen the process in use abroad and had communicated it to his friend Tucker, when the latter was in need, to enable him to undertake a profitable enterprise hitherto unused in this country. Tucker procured Thompson to do the work, but prevailed upon Hobbs to see Thompson and to do the supervision of the construction. It appears to have been Hobbs' intention to donate the idea of the enterprise, but Thompson understood that Hobbs was the proprietor and that he was "going to give Mr. Tucker an interest in it." This notion was derived from or confirmed by a conversation which Thompson and Hobbs had while they were riding out to the scene of the work in an automobile from which we think the jury might not unreasonably have inferred that Hobbs authorized Thompson to charge the cost of the construction to him alone or to him and Tucker jointly. And this disposes also of the questions raised as to admissibility of evidence.

Tucker interposed no answer and made no defense to the action, and no judgment was rendered against him, although counsel for Hobbs repeatedly sought to have plaintiff declare whethei he still maintained the defendants to be jointly liable, and, if not, which defendant he would pursue. Under the charge the jury may have found their verdict for plaintiff against Hobbs either upon the theory of a contract between Hobbs and Thompson or upon the theory of an actual or apparent agency of Tucker for Hobbs. It is complained that the court erred in charging according to this theory, thus permitting the jury to render a verdict against Hobbs individually when the petition alleged only a joint liability, and inferentially that it erred also in not rendering a joint judgment against both defendants, if against either—Tucker being in default for answer and a verdict having been found against Hobbs.

In *Roby* v. *Rainsberger*, 27 Ohio St., 674, it was held that, "in an action on an alleged joint contract, judgment may be rendered under Section 371 of the code, against one or more of several defendants, when it turns out upon the trial that only one or more of them is liable on the contract."

Without quoting at length from the opinion in this case which is illuminating upon the point here involved, we remark that this case appears to us to be decisive of the point now made. As between Thompson and Hobbs, there is nothing in the record to disentitle the former to the fruits of the judgment which he has obtained. As between Hobbs and Tucker the judgment should have been against both. Tucker is not a party to this proceeding in error because no judgment against him was rendered below. We can not therefore so modify the judgment below as to make it run against him as well as against Hobbs.

Without vacating the verdict of the jury we reverse the judgment of the court below, and because it is not the judgment which the case required, and is therefore contrary to law; and we remand the cause with instructions to the court of common pleas to enter judgment against both defendants.